UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JORGE PACHECO,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT AND REQUEST FOR ADVISORY JURY

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, JORGE PACHECO, is a citizen of Florida.

2. Defendant, CARNIVAL CORPORATION ("CARNIVAL"), is a Panamanian Corporation with its principal place of business in Miami, Florida.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

    a. Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious… example of the remedies available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060,

1063 (11th Cir. 1996). It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Carnival Victory*.

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Carnival Victory* ("the vessel").

8. On or about October 26, 2018, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

- 2 -

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

9. On or about October 26, 2018, Plaintiff was severely injured when he slipped and fell on an unreasonably wet, slippery, and/or hazardous flooring surface while walking on deck nine of the vessel near the aft pool area.

10. The wet and unreasonably slick, slippery and/or hazardous nature of the flooring surface was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

12. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

13. On or about October 26, 2018, the Plaintiff was on deck nine near the aft pool area aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

14. On or about October 26, 2018, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to warn the Plaintiff of the unreasonably wet and/or slippery condition of the subject area; and/or

    b. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, and/or hazardous flooring surface of the subject area,

    including but not limited to hazardous ecoefficiency of friction in light of the wet and/or slippery condition of the flooring surface; and/or

  c. Failure to adequately warn passengers, including Plaintiff, of the dangers posed by not having adequate lighting in the subject area, so that passengers can see hazardous conditions and can safely traverse the subject area;

  d. Failure to warn passengers and the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface.

15. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the wet and/or slippery floor had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

16. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, and/or dangerous.

17. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

18. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred

- 5 -

medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with advisory jury.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

19. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

20. At all times material hereto, it was the duty of Defendant to maintain deck nine in a reasonably safe condition.

21. On or about October 26, 2018, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect deck nine, including, but not limited to, the aft pool area, to determine whether it was unreasonably wet or slippery; and/or

   b. Failure to maintain the surface of deck nine where Plaintiff fell in a reasonably safe condition in light of the anticipated use of the pool/jacuzzi/shower area; and/or

   c. Failing to follow the manufacturer of the subject flooring surface's instructions for cleaning and/or maintaining the deck; and/or

   d. Failure to have adequate lighting at or around the hazardous surface in the subject area;

  e. Failure to maintain the surface of deck nine in a reasonably safe condition if/when the subject area floor became wet, or too slippery, including, but not limited to, closing off the subject area that was dangerously slippery, and/or placing signage to warn passengers of hazardous areas.

22. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

23. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, and dangerous.

23. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of deck nine and/or through prior incidents involving passengers injured due to the wet floor in the subject area on Defendant's vessels and/or Defendant's similar vessels using the same flooring surface.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and

transportation costs.  Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with advisory jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

26. On or about October 26, 2018, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to maintain the subject area in a clean and dry condition; and/or

   b. Failure to adequately and regularly inspect the subject area for wet and/or slippery conditions; and/or

   c. Failure to adequately and regularly monitor the subject area to maintain it free of wet and/or slippery conditions; and/or

   d. Failure to regularly and adequately clean the subject area; and/or

   e. Failure to close off and/or place warning signs on or around the wet and slippery areas of the subject deck; and/or

   f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet and slippery conditions; and/or

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet and/or slippery areas and/or that such wet and/or slippery areas are closed off; and/or

h. Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions; and/or

i. Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface; and/or

j. Failure to use reasonably safe lighting in the area of Plaintiff's incident; and/or

k. Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

l. Failure to retrofit flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

m. Failure to test and/or adequately evaluate flooring surface in light of the anticipated traffic and anticipated purpose of the area; and/or

n. Failure to have a non-slip or non-skid flooring surface on the subject area; and/or

o. Failure to place rubber mats or apply a non-slip or non-skid substance for the flooring surface on or around the subject area; and/or

p. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers and Plaintiff; and/or

q. Negligently designing, selecting, and/or approving the flooring and lighting scheme; and/or

r. Failure to instruct passengers and the Plaintiff concerning proper footwear when

walking on the subject flooring surface and/or the subject area.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

28. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of deck nine and/or through prior incidents involving passengers injured due to the wet floor in the subject area on Defendant's vessels and/or Defendant's similar vessels using the same flooring surface.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with advisory jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.

*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:   */s/ Jason R. Margulies*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**DANIEL W. GRAMMES**
Florida Bar No. 1010507
dgrammes@lipcon.com

- 10 -

L IPCON , M ARGULIES , A LSINA & W INKLEMAN , P.A.